**UNITED STATES of America, Appellee,**

v.

**Frank Abbott SWEENEY, Jr., a/k/a Brendan Shannon, a/k/a Francis August Schellhammer, Defendant–Appellant.**

No. 1728, Docket 95–1714.

United States Court of Appeals,
Second Circuit.

Argued June 4, 1996.

Decided July 22, 1996.

Frank P. Lucianna, Lucianna and Lucianna, Hackensack, NJ, for defendant-appellant.

M. Katherine Baird, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., Ira M. Feinberg, Asst. U.S. Atty., New York City, on the brief), for appellee.

Before: NEWMAN, Chief Judge,
JACOBS and CABRANES, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This appeal concerns the sentencing of a defendant for his violation of supervised release, an offense for which there is no applicable sentencing guideline. Defendant-appellant Frank A. Sweeney, Jr. appeals from the December 21, 1995, judgment of the District Court for the Southern District of New York (Robert J. Ward, Judge), revoking his term of supervised release and sentencing him to eighteen months in prison. Sweeney contends that the District Court's sentence is "plainly unreasonable," the standard of review for a sentence selected in the absence of an applicable sentencing guideline. See 18 U.S.C. § 3742(a)(4) (1994). Because of a sufficient risk that the District Court might have misapprehended its discretion in sentencing Sweeney, we vacate the judgment of the District Court and remand for resentencing.

Sweeney was originally convicted on his plea of guilty to one count of mail fraud and one count of possession of a firearm by a convicted felon. His sentence, as ultimately revised, included forty-eight months of incarceration, a fine, an order of restitution, and a three-year term of supervised release. He began serving his supervised release term on September 29, 1992. One week before the term was scheduled to be completed, the Probation Office filed a request for court action, charging Sweeney with four violations of supervised release. Sweeney pleaded guilty to one of the charged violations—sending obscene materials to a minor—and was sentenced to eighteen months' imprisonment.

The supervised release violation for which sentence was imposed arose out of rather bizarre circumstances. A family of Russian immigrants with small children had moved in next to Sweeney's apartment in Tenafly, New Jersey. Noise from the neighbors' apartment caused Sweeney considerable distress, and his requests for quiet, which included a letter in Russian, were unsuccessful. Swee-

ney then decided to pressure his neighbors to reduce their disturbance by embarking on a campaign of harassment. His antics included cutting off their electricity, causing their mail to be forwarded to Des Moines, Iowa, and circulating letters falsely stating that the head of the neighbors' household was afflicted with AIDS. In an effort to curtail the noise caused by the neighbors' nine-year-old son, Sweeney arranged to have catalogues advertising adult films sent to the son, a step he hoped would cause the father to intercept the material, scold the son, and thereby restrain the son's noisy activities. Sweeney was prosecuted in New Jersey for the state offense of sending obscene materials to a person under eighteen. He pleaded guilty and was sentenced to four months' imprisonment, which he has served.

Sweeney acknowledges that he violated a condition of his supervised release by causing obscene materials to be sent to a minor, but urges that his motivation, however misguided, does not warrant extensive punishment, especially in view of the state sentence already served for the same conduct. The Government, although it took no position at sentencing, concedes on appeal that Sweeney did not act with any prurient or profit motive.

■ The District Court, when faced with a violation of supervised release, has broad discretion to revoke its previous sentence and impose a term of imprisonment for up to two years. *See* 18 U.S.C. § 3583(e)(3) (1994). In doing so, the District Court is not obliged to follow any binding sentencing guidelines; however, it is directed to consider the non-binding policy statements found in Chapter Seven of the Guidelines Manual. *See* U.S.S.G. §§ 7B1.1–1.5 (1994). The policy statements applicable to this case recommended revocation of supervised release and a term of imprisonment from eighteen to twenty-four months, based on the facts that the conduct violating supervised release was a "Grade B Violation" and Sweeney was in Criminal History Category V at the time of his original sentencing. *See* U.S.S.G. §§ 7B1.1(a)(2), 7B1.3(a)(1), 7B1.4 (1995).

■ The Sentencing Commission has stated, however, that the Chapter Seven policy statements are only "the first step in an evolutionary process." U.S.S.G. Ch. 7, Pt. A 5 (1995). This Court has held that the policy statements are merely "advisory." *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994); *accord United States v. Hill*, 48 F.3d 228, 231 (7th Cir.1995); *United States v. Hooker*, 993 F.2d 898, 900–901 (D.C.Cir. 1993). Therefore, the fact that Sweeney received a term of imprisonment within the sentencing range recommended by the policy statements does not preclude appellate review. *Compare United States v. Chabot*, 70 F.3d 259, 260–61 (2d Cir.1995) (sentencing court's failure to depart from *binding* guideline range is generally not reviewable on appeal). Instead, since no guideline is applicable, we review the District Court's sentence to see if it is "plainly unreasonable." *See* 18 U.S.C. § 3742(a)(4) (1994).

■ Sweeney contends that several mitigating factors make his sentence plainly unreasonable. First, he points out that the New Jersey state court imposed a sentence of only four months for causing obscene material to be sent to a minor. Thus, Sweeney argues, the District Court's eighteen-month sentence for violation of supervised release is excessive in comparison. We note, however, that a comparison of the two sentences need not be determinative, since the District Court's sentence was not intended to be a sanction for Sweeney's conduct, but rather for the "breach of trust" committed against the District Court. *See* U.S.S.G. Ch. 7, Pt. A 3(b) (1995). Nonetheless, the light sentence imposed by the New Jersey state court reflects the minimal nature of the criminal activity involved and suggests that Sweeney's conduct involved no more than a minimal breach of trust.

Sweeney also notes that, while on supervised release, he has worked actively to rehabilitate himself. This assertion is supported by the Probation Office's report, which states that Sweeney "has maintained a stable residential history," "has completed payment of the restitution and fine," and "has reported to his probation officer as directed." Sweeney also emphasizes that he acted without any prurient motive. *See* 18 U.S.C.

§ 3553(a)(1) (1994) (directing sentencing court to consider "the nature and circumstances of the offense").

 Without reaching the merits of Sweeney's claim, we believe that the sentence of the District Court should be vacated and the case remanded for resentencing. The record gives some indication that the District Court might have felt constrained by the Chapter Seven policy statements recommending a sentencing range with a minimum of eighteen months in prison. Though we have generally accorded sentencing judges a presumption of awareness of sentencing options, *see United States v. Rivers*, 50 F.3d 1126, 1131 (2d Cir.1995), that presumption is not controlling in a case like Sweeney's involving the non-obvious point that a sentence below the range set out in the policy statement would not be a departure, subject to departure standards. *See id.* at 1131 ("Caution is warranted, for example, in cases where the judge's option turns on an obscure point of law or where the judge's sentencing remarks create ambiguity as to whether the judge correctly understood an available sentencing option."). In imposing sentence, the District Court stated only that it was unwilling to impose the maximum sentence of twenty-four months' imprisonment. Although we have noted that the Chapter Seven policy statements should be "considered" by the District Court, we have also emphasized their non-binding nature. *Anderson,* 15 F.3d at 284. The District Court in this case retained broad discretion to sentence Sweeney anywhere between zero and twenty-four months in prison. Because it is unclear whether the District Court fully appreciated its discretion to impose a sentence lower than eighteen months, we vacate the judgment of the District Court and remand for resentencing.