104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Ayman S. RABADI, Defendant-Appellant.
 No. 95-1553.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 Appearing for Appellant: Theodore S. Green, Green & Willstatter, White Plains, New York.
 Appearing for Appellee: Joanna C. Hendon, Assistant United States Attorney, New York, New York.
 Before VAN GRAAFEILAND, WINTER, MCLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Ayman S. Rabadi appeals from Judge Duffy's sentence of two years imprisonment for violating the conditions of his probation. In 1992, Rabadi pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). Because Rabadi provided substantial assistance to the government, Judge Duffy granted him a downward departure from the Sentencing Guidelines and sentenced him to a term of three years' probation. On October 20, 1994, the Probation Department charged Rabadi with seven specified violations of his probation. On August 21, 1995, Rabadi admitted to three of the specified violations, which included failures to refrain from using certain drugs and to participate in a long-term drug rehabilitation program as his probation required. Judge Duffy revoked probation and sentenced Rabadi to a two year term of imprisonment.
 
 
 4
 Rabadi challenges Judge Duffy's sentence on the ground that Judge Duffy did not consider the policy statements addressing probation violations in Chapter Seven of the Sentencing Guidelines that recommend a four to ten month range. However, Chapter Seven of the Guidelines contains "policy statements only" that are intended to "provide guidance" but do not bind the courts. U.S.S.G. Ch. 7 Pt. A; see also United States v. Anderson, 15 F.3d 278, 284 (2d Cir.1994); United States v. Sweeney, 90 F.3d 55, 57 (2d Cir.1996). A judge upwardly departing from the recommended range in Section 7B1.4 need only consider the applicable policy statement and impose a sentence that is within the statutory maximum and is reasonable. Anderson, 15 F.3d at 284. We review the district court's upward departure under the "plainly unreasonable" standard. Sweeney, 90 F.3d at 57.
 
 
 5
 Rabadi claims that Judge Duffy did not consider the policy statements at all because he said, "I think you should recognize that four to ten months is not a binding guideline. That is some kind of a policy statement at best," (emphasis added). The argument is meritless, however, because Judge Duffy clearly considered the recommended range but decided, "I am not going to give [Rabadi] four months." Moreover, the two year sentence was quite reasonable, given that the court had imposed a significant downward departure at the original sentencing "with the expectation that [Rabadi] lead a good life." Rabadi disregarded the court's leniency when he used morphine, codeine, cocaine and cannabinoid only two months after his sentencing and refused to participate in a drug rehabilitation program. We find the upward departure reasonable in light of Rabadi's repeated violations of the terms of his probation.
 
 
 6
 We therefore affirm.