**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 00-4122

DARRYL CORMICK SOUTHERN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CR-93-259)

Submitted: July 25, 2000

Decided: September 20, 2000

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Williams S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darryl Cormick Southern appeals the district court's order revoking his term of supervised release and imposing a new period of imprisonment. Southern was serving a five year term of supervised release subsequent to completing a forty-six month sentence for bank fraud. See 18 U.S.C. § 1344 (1994). After Southern admitted multiple violations of the conditions of his supervised release, the district court sentenced Southern to fourteen months in prison. Southern noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court erred in revoking Southern's supervised release and that the fourteen-month sentence was plainly unreasonable. The time for filing a supplemental brief has passed and Southern has not responded, despite being informed of his right to do so. Finding no merit to counsel's claims of error, and discovering no other reversible error in our review of the record, we affirm the district court's judgment.

This court reviews the district court's order imposing a term of imprisonment for an abuse of discretion. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). Southern's bald assertion that the district court could have "delayed making a finding" on Southern's admitted drug possession while on supervised release does not convince us that the district court abused its discretion in revoking Southern's supervised release and imposing a term of imprisonment. See 18 U.S.C. § 3583(g)(1) (1994). Neither do we find that the fourteen-month sentence was plainly unreasonable. See United States v. Sweeney, 90 F.3d 55, 57 (2d Cir. 1996); 18 U.S.C. § 3742(a)(4) (1994). The term of imprisonment was well within the sentence authorized by the statute governing revocation of supervised release. See 18 U.S.C. § 3583(e) (1994). Consequently, there was no reversible error in the district court's judgment.

2

As required by <u>Anders</u>, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. Consequently, counsel's motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

The district court's judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>