**UNITED STATES of America,**
**Appellee,**

v.

**Victor FELIZ aka Victor Raphaell**
**Feliz, Appellant.**

No. 00–1704.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2001.

---

* The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

Barry Gene Rhodes, Esq., Brooklyn, NY, for appellant.

Thomas J. Seigal, Esq., Assistant United States Attorney, Brooklyn, NY, for appellee.

Present LEVAL, SOTOMAYOR, Circuit Judges, and McMAHON, District Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Reena Raggi, Judge), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant Victor Feliz appeals from a judgment entered in the United States District Court for the Eastern District of New York following a revocation hearing before Reena Raggi, Judge, finding him guilty of violating the terms and conditions of his supervised release, and sentencing him principally to 60 months of imprisonment.

■ The sentence imposed during a revocation hearing will be affirmed provided that (1) the applicable policy statements have been considered; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable. *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994). Feliz raises no challenges under the first two prongs of this standard, but instead argues that the sentence imposed was too great and thus unreasonable. We disagree. The district court's decision to sentence Feliz to the statutorily permissible maximum was reasonable in that it took into account factors specifically permitted by the Guidelines.

■ Chapter Seven policy statements govern revocation hearings for violations

* The Honorable Colleen McMahon of the United States District Court for the Southern District of New York, sitting by designation.

of Probation and Supervised Release. While district courts must consider the ranges of sentences provided by the applicable policy statements, these ranges of sentences are only advisory, not mandatory. *United States v. Pelensky,* 129 F.3d 63, 69 (2d Cir.1997); *United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir.1996). Consequently, district courts are free to impose a sentence outside the recommended range. When assessing the appropriateness of an upward departure for a defendant's violation of the terms and conditions of his or her supervised release, the Guidelines' policy statements explicitly permit district courts to consider the fact that a downward departure was made with respect to the original sentence. *U.S. Sentencing Guidelines Manual § 7B1.4, cmt. n. 4 (1998)* (providing that "[w]here the original sentence was the result of a downward departure (*e.g.,* as a reward for substantial assistance) ... that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted").

On December 21, 1993, Feliz pleaded guilty to conspiracy to distribute and possess with intent to distribute 17 kilograms of cocaine. Because of his substantial assistance to the government, Feliz received a sentence of 48 months of imprisonment and twelve years of supervised release. This sentence reflected a 60–month downward departure from the guideline range applicable to the conduct underlying his conviction. While on supervised release, Feliz was arrested for knowingly possessing with intent to distribute 1 kilogram of cocaine. Taking into account the seriousness of the crime underlying Feliz's conviction and his recidivism, the district court imposed a 60–month upward departure from the guideline range. This was the statutorily permitted maximum and was twice the length of the sentence suggested by the guidelines.

The district court, however, was well within its discretion to consider Feliz's recidivism and prior lenient sentence in imposing the maximum sentence, particularly when the departure upward was only half the departure downward that the district court had granted with respect to Feliz's underlying conviction. We find Feliz's contention that the extent of the district court's upward departure was too great and unreasonable under these circumstances to be without merit. The judgment of the district court is therefore affirmed.