UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 01-4131

WILLIAM R. DIXON, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-95-166-F)

Submitted: August 28, 2001

Decided: October 15, 2001

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

William R. Dixon, Jr., appeals the district court's order revoking his term of supervised release and imposing a new period of imprisonment. Dixon was serving a five year term of supervised release subsequent to completing a twenty-seven month sentence for bank fraud. *See* 18 U.S.C. § 1344(1) (1994). After Dixon admitted four violations of the conditions of his supervised release, the district court sentenced Dixon to twenty-four months in prison. In this appeal, Dixon contends that the district court acted unreasonably in revoking his supervised release and imposing the twenty-four month sentence. Finding no abuse of discretion on the part of the district court, we affirm.

This court reviews the district court's order imposing a term of imprisonment for an abuse of discretion. *See United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). An abuse of the district court's discretion occurs when the court fails or refuses to exercise its discretion or when the court's exercise of discretion is flawed by an erroneous legal or factual premise. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). Dixon has identified no such flaw in the district court's judgment. Neither do we find that the twenty-four month sentence was plainly unreasonable. *See United States v. Sweeney*, 90 F.3d 55, 57 (2d Cir. 1996); 18 U.S.C. § 3742(a)(4) (1994). The term of imprisonment was well within the sentence authorized by the statute governing revocation of supervised release. *See* 18 U.S.C. § 3583(e) (1994). Consequently, there was no reversible error in the district court's judgment.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*