**UNITED STATES of America,**
**Appellee,**

v.

**John MAGGIO, Defendant–Appellant.**

No. 01–1150.

United States Court of Appeals,
Second Circuit.

Dec. 3, 2001.

Michael F. Bachner, N.Y., NY, for appellant.

James A. Walden, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for appellee.

Present OAKES, KEARSE, and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant John Maggio appeals from a judgment of the United States District

Court for the Eastern District of New York, Eugene H. Nickerson, *Judge,* sentencing him principally to a prison term of 2½ years for violation of the terms of his supervised release. On appeal Maggio contends that the court failed to consider the recommendations of Chapter 7 of the Sentencing Guidelines ("Guidelines") for such a violation, and that the sentence was unreasonable. Finding no merit in any of his contentions, we affirm.

The district court is given broad discretion to fashion a punishment for a defendant's violation of the terms of supervised release and has authority to revoke its previous sentence and impose a term of imprisonment. *See, e.g., United States v. Wirth,* 250 F.3d 165, 169 (2d Cir.2001); *United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir.1996). Guidelines Chapter 7, which sets out policy statements with regard to the revocation, states that "at revocation the court should sanction primarily *the defendant's breach of trust,* while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." Guidelines Chapter 7, Part A, 3(b) (Policy Statement) (emphasis added). The policy statements also recommend ranges of imprisonment for various types of supervised release violations, including a four-to-ten-month range for that of Maggio. However, those recommendations are merely advisory, and the district court is not required either to adopt them or to make explicit, detailed findings when it declines to follow them. *See, e.g., United States v. Pelensky,* 129 F.3d 63, 69 (2d Cir.1997).

Maggio's contention that the district court failed to consider the Chapter 7 suggestion for four-to-ten months' imprisonment is belied by the record. At the hearing, defense counsel repeatedly mentioned the Guidelines-recommended "four to ten months" range and asked the court to sentence Maggio at the bottom of that range. The court then inquired about its "alternatives." After the court was informed that one permissible alternative was to sentence Maggio to a term of imprisonment of up to three years, defense counsel again brought up "the guideline provision," and the court interrupted, stating, "I understand that"; defense counsel stated, "I know you understand that." We see no indication in the record that the court failed to consider the Guidelines-recommended four-to-ten-months range.

Nor is there merit in Maggio's contention that the district court fashioned his sentence solely on the basis of the nature of the crime that violated the terms of his supervised release rather than primarily on the basis of his "breach of trust," as recommended by the Chapter 7 Policy Statement. For example, in imposing sentence, the court stated, "I was really shocked[,] to tell you the truth, shocked that he turned around, got out and he was immediately into crime again. You didn't learn a lesson." Indeed, it was defense counsel who urged the court to rely to a greater extent on the nature of Maggio's new crime, emphasizing that it was not a crime of violence.

Maggio also contends that the 2½-year prison term was unreasonable because it was longer than (a) the term recommended by the Guidelines, (b) the term recommended by the Probation Department's Supervised Release Report, and (c) the term imposed on a codefendant who also violated the terms of supervised release, and because Maggio's new criminal conduct was "isolated and non-repetitive." (Maggio Brief on Appeal at 15–16.) We reject this contention. A sentence imposed for violation of supervised release may be reversed only if it is " 'plainly unreasonable.' " *United States v. Wirth,* 250 F.3d at 169 (quoting 18 U.S.C. § 3742(a)(4)); *United States v. Sweeney,* 90 F.3d at 57 (same). In the present case,

78

the district court noted that with respect to his underlying conviction Maggio had been given a relatively short prison term; that Maggio engaged in his new criminal conduct just days after being released from prison; that apparently Maggio did "not ... take[ ] [supervised release] seriously"; and that there was thus "no point to" giving Maggio a sentence that consisted largely of supervised release again. In light of this record, we cannot conclude that the prison term imposed was "plainly unreasonable."

We have considered all of Maggio's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.