**UNITED STATES of America,
Appellee,**

v.

**Jamil R. FULLER, Defendant.**

**Docket No. 01–1354.**

United States Court of Appeals,
Second Circuit.

Feb. 26, 2002.

Edward S. Zas, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for defendant-appellant.

Kevin R. Puvalowski, Christine H. Chung, Assistant United States Attorneys, Southern District of New York, New York, NY, for appellee.

Present OAKES, VAN GRAAFEILAND, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant Jamil R. Fuller appeals from a judgment entered on May 16, 2001, by the United States District Court for the Southern District of New York (Batts, *J.*), revoking his supervised release and sentencing him to 23 months' incarceration. In 1996, defendant was convicted in the United States District Court for the Eastern District of Missouri on one count of mail fraud in violation of 18 U.S.C. § 1341. He was sentenced to 30 months' imprisonment, to be followed by three years' supervised release. On December 31, 1997, defendant was released from federal custody.

Defendant's time in supervised release (both under the jurisdiction of the Eastern District of Missouri and, more recently, under the jurisdiction of the Southern District of New York) has been marked by repeated violations of his supervision, most often involving the use of marijuana. For present purposes, it suffices to recount that on July 10, 2000, defendant pleaded guilty before Judge Batts of the Southern District of New York to violating his supervision through unlawful possession of a marijuana cigarette. Judge Batts imposed a sentence of time served (approximately 40 hours' incarceration) and re-imposed a three-year period of supervised release. Judge Batts, however, expressly warned defendant that further violations of his supervision would result in his incarceration for the maximum statutory sentence. On May 4, 2001, defendant pleaded guilty to charges by the Probation Office that he had tested positive for marijuana use on four occasions between August 10, 2000 and November 28, 2000—a "Grade C" violation of supervised release under the Sentencing Guidelines. *See* U.S.S.G. § 7B1.4 (2001) (policy statement). Thereafter, on May 16, 2001, Judge Batts revoked defendant's supervised release, imposed a sentence of 23 months incarceration, recommended that defendant be placed in a residential drug treatment program, and declined to impose any term of supervised release following his imprisonment. In imposing this sentence, Judge Batts also noted that defendant had failed to report to his probation officer on at least six occasions.

 Under the Sentencing Guidelines, the recommended term of imprisonment for a Class C violation of supervised release is three to nine months. *See id.* This is a recommendation only, however, and takes the form of a "policy statement" rather than a guideline. Although policy statements must be considered in sentencing, *see United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir.1996), they are "advisory, rather than binding." *United States v. Anderson,* 15 F.3d 278, 284 (2d Cir.1994). In the absence of an applicable guideline, a defendant may obtain reversal of a sentence imposed for a violation of supervised

release by demonstrating that the sentence was "plainly unreasonable." 18 U.S.C. § 3742(a)(4); *see United States v. Wirth,* 250 F.3d 165, 169 (2d Cir.2001). As we have noted, we will affirm a sentence imposed outside the recommended range for a violation of supervised release, "provided (1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *Anderson,* 15 F.3d at 284. The statutory maximum applicable to defendant's violation was two years' imprisonment. *See* 18 U.S.C. § 3583(e)(3).

Defendant argues that his sentence was "plainly unreasonable" given (a) the recommendation of the Probation Office and Government at sentencing that he be sentenced within the range established by the Guidelines' policy statement, (b) the minor, non-violent nature of his offense, and (c) the fact that he had maintained steady employment during most of his release and was supporting a son. Defendant further argues that a sentence for mere marijuana use that falls so close to the maximum of the applicable statutory sentencing range leaves no "room" to impose higher sentences on other offenders with records of violent, or at least more serious, crimes. However, in light of defendant's repeated failure to abide by the conditions of his supervised release, the district court's previous leniency, and its clear warning to the defendant of the likely consequences of further violations, we cannot conclude that the district court's sentence was "plainly unreasonable." *Accord United States v. Pelensky,* 129 F.3d 63, 70 (2d Cir.1997) (concluding that maximum sentence for violation of supervised release through substance abuse was within district court's discretion where court had previously warned defendant that further violations would result in stiffer sentence). *See also* 18 U.S.C. § 3553(a)(2) (listing purposes relevant to determination of sentence, including need "to promote respect for the law," and for "deterrence").

We have considered all of defendant's arguments on appeal and find them to be without merit. The judgment of the District Court is therefore AFFIRMED.