**UNITED STATES of America,**
**Appellee,**

v.

**Rahmir GIBSON, Defendant–Appellant.**

**No. 01–1621.**

United States Court of Appeals,
Second Circuit.

June 10, 2002.

Colleen P. Cassidy, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Appellant.

Lawrence Gerschwer, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York; John M. McEnany, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present STRAUB and SOTOMAYOR, Circuit Judges, GOLDBERG, Judge.*

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

*SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant Rahmir Gibson appeals from a judgment entered on September 10, 2001, in the United States District Court for the Southern District of New York (Kevin T. Duffy, *Judge*), following revocation of his probation and sentencing. Gibson argues that the District Court erred in sentencing him to twenty-four months' incarceration for violating the terms of his probation.

On June 17, 1999, following his arrest on a criminal complaint of bank fraud, Gibson was charged in an information with stealing checks worth approximately $8,000, in violation of 18 U.S.C. § 2113(b). Under the statute, that crime carries a maximum term of incarceration of ten years. On July 21, 1999, Gibson pleaded guilty to the charge in the information pursuant to a plea agreement in which the parties stipulated to a sentencing range of zero to six months under the United States Sentencing Guidelines ("Guidelines"). The Pre Sentence Report in Gibson's case recognized Gibson's "history of narcotics usage," specifically use of marijuana, and recommended drug treatment and/or testing as a condition of probation. At sentencing on October 15, 1999, the District Court told Gibson that he was "going to get a break today," and sentenced him to, *inter alia*, three years' probation. As a condition of probation, Gibson was required to participate in a substance abuse program and to submit to drug testing at least every thirty

days. Also, the District Court warned Gibson that if he violated the terms of his probation, "you're going away for a long time."

In the summer of 2001, the United States Probation Department notified the District Court that Gibson had repeatedly violated the terms of his probation by testing positive for the use of marijuana on eight separate occasions, failing to make a good faith effort to pay restitution, failing to work regularly, failing to perform Court-ordered community service, failing to attend drug treatment programs on nine separate occasions, and failing to submit to drug testing on nine separate occasions. In its Request for Court Action, the Probation Department advised the District Court that Gibson's violations carried a statutory maximum sentence of ten years' incarceration, *see* 18 U.S.C. § 3565(a)(2), and a suggested sentencing range of three to nine months under Chapter Seven of the Guidelines (specifically, Section 7B1.4).

The parties appeared before the District Court on August 15, 2001, at which time the Court advised Gibson of his right to a hearing. Gibson then admitted to all three of the drug-related violations: the instances of testing positive for marijuana use, the failure to attend drug treatment programs, and the failures to submit to drug testing. The District Court adjourned the proceeding until September 5, 2001, to allow Gibson's counsel to present any information relevant to sentencing on the violations. At the September 5 hearing, the District Court heard from Gibson, Gibson's counsel, the Government attorney, and the Probation officer. The Court again referred to Gibson's repeated violations, indicated that the original term of probation had given Gibson the opportunity to cease his drug use without jail time, and noted that the Probation Department had given him "every break also." The District

Court then sentenced Gibson to twenty-four months' incarceration. Judgment was filed on September 10, 2001, and Gibson timely appealed.

We will affirm a sentence of incarceration for a probation violation provided that three conditions are satisfied: (1) the District Court has considered the applicable policy statements of the Guidelines; (2) the sentence is within the statutory maximum; and (3) the sentence is not "plainly unreasonable." *United States v. Pelensky,* 129 F.3d 63, 69 (2d Cir.1997); *United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir. 1996) (citing 18 U.S.C. § 3742(a)(4)).

The first two criteria appear not to be challenged by Gibson, and, in any case, are satisfied here. The District Court received and considered the Probation Department's Request for Court Action, which identified the suggested sentencing range under Chapter Seven of the Guidelines (three to nine months). As we have noted, the sentencing ranges and other policy statements of Chapter Seven are "merely advisory and non-binding." *Pelensky,* 129 F.3d at 69. The sentence of twenty-four months is well within the applicable statutory maximum of ten years. *See* 18 U.S.C. § 3565(a)(2).

Gibson apparently contends only that the sentence of twenty-four months was "plainly unreasonable," under the third criterion listed above. But while the sentence was substantially more severe than the sentence suggested by the Guidelines, it was justifiable in light of Gibson's many and frequent failures to comply with the terms of his probation. The District Court noted that Gibson had "on a consistent basis failed to report for testing and that he basically refused outpatient treatment for his continued addiction," indicating its concern that Gibson had been unable to halt his marijuana use in a non-incarceratory setting. Furthermore, the District Court's earlier warnings about the serious-

ness of probation violations, and its reference at sentencing to how it would have imposed a longer sentence in the "olden days," do not necessarily indicate that the Court was applying a general policy of harsh sentences for violations of probation. To the contrary, the District Court's references to Gibson's own conduct and the particulars of his case adequately demonstrate that the Court sentenced Gibson based on individualized findings, not a blanket policy. In sum, we do not find that the sentence imposed on Gibson was "plainly unreasonable" or that the District Court failed to explain the basis for its departure from the Guidelines range.

For the reasons stated, we AFFIRM the judgment of the District Court.