**UNITED STATES of America,**
**Appellee,**

v.

**Dalton GILL, Defendant–Appellant.**

Docket No. 02–1331.

United States Court of Appeals,
Second Circuit.

Jan. 30, 2003.

Peter J. Tomao, Garden City, N.Y., for Defendant–Appellant.

Wayne Baker, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, David C. James, Assistant United States Attorney, James Tatum, Jr., Assistant United States Attorney, on the brief), New York, N.Y., for Appellee.

Present: NEWMAN, KATZMANN, and RAGGI, Circuit Judges.

Summary Order

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Platt, *J.*), it is hereby

**ORDERED, ADJUDGED, AND DE-CREED** that the judgment of the District Court is **AFFIRMED.**

Defendant-appellant Dalton Gill appeals his sentence imposed following his violation of the conditions of his supervised release.

On April 10, 1997, Gill pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344, and, on July 31, 1997, was sentenced to twenty-seven months imprisonment, five years of supervised release, restitution, and a special assessment. Upon his release from incarceration, Gill was

convicted of violating his supervised release by assaulting his fiancé with a razor. This violation resulted in a sixty day imprisonment, followed by a four year term of supervised release.

The instant appeal involves Gill's violation of the conditions of his second term of supervised release. On April 24, 2002, Gill pled guilty to violating his supervised release by 1) possessing and using cocaine and marijuana and 2) associating with a known felon. The Probation Department also charged Gill with failing to pay restitution, but the government dropped that charge in exchange for his plea.

The District Court sentenced Gill on May 6, 2002. Prior to sentencing, the Probation Department submitted a memorandum to the court recommending a ten-month incarceration. The Probation Department questioned Gill's sincerity in maintaining a job and noted that Gill had been uncooperative towards his conditions of supervision and the supervision process in general. The memorandum concluded that a custodial sentence was needed to instill in Gill the importance of abiding by the terms of supervised release and leading a law-abiding lifestyle. The District Court adopted the Probation Department's recommended ten-month imprisonment, with a reduction to reflect time already served. The District Court also imposed a three year supervised release following Gill's discharge and reimposed restitution, provided Gill regains employment.

On appeal, Gill argues that his sentence was unreasonable because the District Court considered improper factors, namely the convenience of the United States Marshals Service, in determining his sentence.

This argument fails for the simple reason that there is no indication that the convenience of the Marshals Service played any part in the District Court's deliberations. The District Court made clear that it was imposing its sentence based on the recommendations by the Probation Department: "I am going to sentence you . . . at the probation department's request for ten months." The Probation Department's memorandum, in turn, made no mention of the Marshals Service, but instead based its recommendation on Gill's dubious desire to maintain a job and his uncooperative attitude during his supervised release. As the Probation Department explained in its memorandum, "a custodial sentence within the recommended Guideline Range is warranted in order to instill in this offender the importance of complying with the Conditions of Supervised Release and leading a law-abiding lifestyle." The District Court similarly told Gill that it was ordering incarceration because "You have too bad a record for me to give you another chance."

The matter of the convenience of Marshals Service only came into play when the District Court proposed a settlement to both parties on April 26, 2002. The court's proposal entailed delaying Gill's sentencing until June 1, 2002, during which time United States Marshals would have escorted Gill to and from his doctor's office to allow Gill to have a preoperative appointment and subsequent surgery. Following the surgery, the court would have placed Gill on probation or renewed his supervised release for a period of three years. The District Court, however, made clear that it was merely articulating a proposed settlement that the parties were free to accept or reject. The government expressed concerns with this proposal because of the burden it would place on the Marshals and ultimately rejected the proposal. Accordingly, the District Court's proposed settlement was rejected, and the District Court considered its ultimate sentence which, as discussed earlier, was based on the Probation Department's recommendations free

from any consideration of the Marshals Service.

Moreover, during the District Court's exchange with the government regarding its proposed settlement, the court left no doubt that it considered the convenience of the Marshals Service wholly irrelevant to the sentence Gill would receive. The court commented, "The marshals don't run this court." There is no reason to suspect that the District Court, when ultimately imposing Gill's sentence, altered this view and considered the convenience of the Marshals Service.

We also note that the imposed sentence was appropriate. A district court faced with a violation of supervised release "has broad discretion to revoke its previous sentence and impose a term of imprisonment." *United States v. Wirth*, 250 F.3d 165, 169 (2d Cir.2001) (per curiam). In these circumstances, a sentencing court is not bound by any particular Guideline, but is advised to consider policy statements contained in the Guideline Manual. *Id.; United States v. Sweeney*, 90 F.3d 55, 57 (2d Cir.1996). "We reverse a district court's imposition of a sentence in the absence of an applicable sentencing guideline only if 'it is plainly unreasonable.'" *Wirth*, 250 F.3d at 169 (quoting 18 U.S.C. § 3742(a)(4)).

Gill pleaded guilty to violating his supervised release by, *inter alia*, possessing a controlled substance. Under 18 U.S.C. §§ 3583(e)(3), 3583(g)(1), if a defendant violates a condition of supervised release by possessing a controlled substance, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of supervised release authorized by the statute for the offense that resulted in the term of supervised release. The sentence Gill received, therefore, was entirely reasonable.

We have reviewed all of the defendant-appellants's other arguments and affirm the judgment of the District Court.