**UNITED STATES of America,**
**Appellee,**

v.

**Anita CHRISTIAN, Clara Suckragh,**
**Krissondatt Bisram,**
**Defendants,**

---

**Peter Suckragh, Defendant–Appellant.**

**Docket No. 02–1445.**

United States Court of Appeals,
Second Circuit.

June 5, 2003.

Stephen Flamhaft, Brooklyn, NY, for Appellant.

Robert W. Henoch, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Jo Ann M. Navickas, Assistant United States Attorney, of counsel), for Appellee.

PRESENT: CALABRESI, SACK, Circuit Judges, and GARAUFIS, District Judge.*

*SUMMARY ORDER*

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 5th day of June, two thousand and three.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED the judgment of the district court is AFFIRMED.

In 1999, after pleading guilty to participating in a conspiracy to commit wire fraud, Plaintiff–Appellant Peter Suckragh received a sentence that included nine months' imprisonment and a three-year period of supervised release. One condition of Suckragh's supervised release was that he not commit another criminal act. Three years later, Suckragh admitted in federal district court that he violated this condition when he, in violation of 18 U.S.C. § 1001, lied about his income to his probation officer. After Suckragh pleaded guilty, the district court imposed a sentence of two years' imprisonment pursuant to 18 U.S.C. § 3583(e)(3). Suckragh appeals his sentence.

Under § 7B1.1(a)(2) of the Sentencing Guidelines, Suckragh's act of lying to his probation officer is classified as a "Grade B" violation of the terms of his supervised release. Section 7B1.4 suggests a term of between four and ten months' imprisonment for grade B violations committed by those, like Suckragh, with no criminal history at the time they were sentenced for the underlying offense. The district court opted instead to sentence Suckragh to two years' imprisonment, the maximum allowed under statute for a violation of a condition of supervised release after conviction for a class D felony. 18 U.S.C. § 3583(e)(3).

District judges have broad discretion to determine an appropriate sentence upon revocation of supervised release. *See United States v. Wirth,* 250 F.3d 165, 169 (2d Cir.2001) (per curiam). Unlike other

---

* The Honorable Nicholas G. Garaufis of the United States District Court for the Eastern District of New York sitting by designation.

sections of the Sentencing Guidelines, the Chapter 7 policy statements, including § 7B1.4, "are advisory, rather than binding." *United States v. Anderson,* 15 F.3d 278, 284 (2d Cir.1994). But we have indicated that district courts must consider the guidance these policy statements provide. *See United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir.1996); *Anderson,* 15 F.3d at 284. If the court considers these policy provisions and imposes a sentence within the statutory range for the violation of a condition of supervised release, then we will vacate that sentence "only if 'it is plainly unreasonable.'" *Wirth,* 250 F.3d at 169 (quoting 18 U.S.C. § 3742(a)(4)); *Anderson,* 15 F.3d at 284.

Suckragh argues that the district court failed adequately to consider the provisions of Chapter 7 and that the sentence the court imposed was unreasonable. Both contentions are without merit.

The district court explicitly noted that the guidelines range was four to ten months' imprisonment. But because it found that Suckragh's lies to the probation officer were, contrary to Suckragh's representations, part of a scheme to continue to profit from the fraud for which he was originally convicted, the district court believed that range to be inadequate and imposed the maximum period of incarceration allowed, even indicating that a longer period might well be justified under the circumstances. We can discern no abuse of the district court's considerable discretion in this regard.

We have considered all of Appellant's arguments and find them meritless. We therefore AFFIRM the judgment of the district court.