**UNITED STATES of America,
Appellee,**

v.

**Brian L. RHONE, Defendant–
Appellant.**

**No. 03–1094.**

United States Court of Appeals,
Second Circuit.

Oct. 15, 2003.

Michael DiGiacomo, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

Marianne Mariano, MaryBeth Covert, Federal Public Defender's Office, Western District of New York, Buffalo, NY, for Defendant–Appellant.

Present: MESKILL, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

On January 29, 2001, Defendant–Appellant Brian L. Rhone pled guilty in the United States District Court for the Eastern District of Virginia (Williams, *J.*) to one count of possession of marijuana, a misdemeanor, and one count of possession of a firearm by an unlawful user of a controlled substance, a felony. He was sentenced to five months' imprisonment for each count, to run concurrently, and to twenty-four months' supervised release. In September 2001, Rhone moved to the Western District of New York, and the probation office there began supervising his release. On January 3, 2003, he pled guilty before that court pursuant to a writ-

ten plea agreement to violating a condition of his supervised release by using, and testing positive for, marijuana. The recommended guidelines range for this violation, as recited in the plea agreement, was three to nine months' imprisonment. *See* U.S.S.G. § 7B1.1(a)(3) (Policy Statement). On January 17, 2003, the district court (Elfvin, *J.*) sentenced him to twenty-four months' imprisonment (the statutory maximum) and twelve months' supervised release. Upon Rhone's motion, the court abrogated the supervised release term. Rhone now appeals, challenging his sentence.

Because violations of supervised release are not governed by sentencing guidelines, but only by non-binding policy statements, *see United States v. Pelensky,* 129 F.3d 63, 69 (2d Cir.1997), "[w]e reverse a district court's imposition of a sentence ... only if 'it is plainly unreasonable.'" *United States v. Wirth,* 250 F.3d 165, 169 (2d Cir.2001) (per curiam) (quoting 18 U.S.C. § 3742(a)(4)). Such a sentence is not unreasonable so long as: "(1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *United States v. Anderson,* 15 F.3d 278, 284 (2d Cir.1994). District court have " 'broad discretion to revoke [supervised release] and impose a term of imprisonment' up to the statutory maximum." *Pelensky,* 129 F.3d at 69 (quoting *United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir.1996)).

There is no real dispute as to whether Rhone's sentence satisfies the first two *Anderson* factors. Rhone instead argues that the sentence is unreasonable because the district court expressly noted that its primary concern in imposing the sentence was to help Rhone gain control over his marijuana abuse problem, and that the court hoped the sentence would permit Rhone to complete the Bureau of Prison's 500–hour drug treatment program. Rhone argues, not implausibly, that he is neither guaranteed placement in the program, nor is he likely to be able to complete it within twenty-four months. Accordingly, he urges, the sentence is unreasonable.

It is settled law that a district court may consider a defendant's need for drug treatment when deciding what sentence to impose for a violation of supervised release. *Pelensky,* 129 F.3d at 70; *Anderson,* 15 F.3d at 282. We cannot say under the totality of the circumstances that the sentence is unreasonable. Accordingly, we affirm the district court.

The judgment of the district court is **AFFIRMED.**