UNITED STATES of America,
Appellee–Cross–Appellant,

v.

Elbert L. STURDIVANT, Defendant–
Appellant–Cross–Appellee.

Nos. 02–1220, 02–1241.

United States Court of Appeals,
Second Circuit.

June 7, 2004.

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgment of the
district court be and it hereby is AF-
FIRMED.

William J. Knapp, Assistant United
States Attorney, for Michael A. Battle,
United States Attorney for the Western
District of New York (James B. Kennedy,
Assistant United States Attorney, on the
brief), for Appellee–Cross–Appellant.

David R. Addelman, Addelman &
Marszalkowski, P.C., Buffalo, N.Y., for De-
fendant–Appellant–Cross–Appellee.

PRESENT: CALABRESI, WESLEY,
Circuit Judges. and SCULLIN, District
Judge.*

SUMMARY ORDER

Defendant–Appellant–Cross–Appellee
Elbert Sturdivant was convicted, following
a jury trial in the United States District
Court for the Western District of New

* The Honorable Frederick J. Scullin, Jr., Chief
United States District Judge for the Northern
District of New York, sitting by designation.

York, on one count of possession with intent to distribute and distribution of five or more grams of crack, in violation of 21 U.S.C. § 841. On a previous appeal before this Court, we held that this count was duplicitous, because it was impossible to determine from the jury's verdict whether Sturdivant had been convicted on one or both of the two transactions charged in the indictment. *See United States v. Sturdivant,* 244 F.3d 71 (2d Cir.2001). Because the district court (Skretny, *J.*) had given a unanimity instruction to the jury, however, we affirmed the conviction, and remanded the case only for re-sentencing. That remand came with instructions for the court below to assume that the jury had found defendant guilty only on the transaction involving a lower drug quantity, and had acquitted him on the larger transaction, and to sentence Sturdivant accordingly.

On remand, the district court found this second, larger transaction to be relevant conduct within the meaning of U.S.S.G. § 1B1.3. But after noting its power downwardly to depart in circumstances where the defendant would receive a substantially longer sentence based on "relevant" but acquitted conduct, the court omitted this second transaction from its sentencing calculations. The court did so to avoid giving Sturdivant the same sentence he had received prior to our vacatur and remand.[1] Sturdivant's original 63–month sentence was thus reduced to time served—a period of approximately 39 months.

The government appeals this revised sentence, arguing that the district court correctly determined that the second transaction constituted relevant conduct under the Guidelines, but erred by failing to give effect to its determination; that is,

by disregarding this transaction when it sentenced Sturdivant. Sturdivant also filed a notice of appeal, his second. His present attorney, Mr. Addelman, subsequently submitted a motion and brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), informing the court that the defendant sought to challenge his underlying conviction on the ground of ineffective assistance of trial counsel. The motion asserted that Sturdivant's ineffective assistance argument could not prevail and requested that Mr. Addelman be relieved of his duties. The government has moved for summary affirmance on this ineffective assistance claim.

Because Mr. Addelman must appear on the defendant's behalf to contest the government's sentencing appeal, we deny the *Anders* motion. With respect to Sturdivant's sentence, we affirm. Although the court below referred both to adjustments and departures in deciding not to include the acquitted relevant conduct in its sentencing calculations, we adhere here to the presumption that "district judges understand the much-discussed processes by which they may, in circumstances permitted by law, exercise discretion to depart from the sentence range prescribed by the Guidelines calculus." *United States v. Brown,* 98 F.3d 690, 693 (2d Cir.1996). *See also United States v. Sweeney,* 90 F.3d 55, 58 (2d Cir.1996) (noting that "we have generally accorded sentencing judges a presumption of awareness of sentencing options"). That presumption is justified in this case by the district court's reliance on *United States v. Koczuk,* 166 F.Supp.2d 757 (E.D.N.Y.2001), which discussed in detail the appropriateness of downward de-

---

1. The court noted that if it granted the "government's request to view the afternoon transaction as relevant conduct and aggregate the drugs [*sic*] amounts," Sturdivant would be

"in a bottom line worse position now than before trial," because the standard for proving relevant conduct is lower than the standard of proof required at trial.

partures in cases involving acquitted or uncharged relevant conduct. We are satisfied that what the district court in effect did was to impose an upward adjustment based on the relevant conduct, and then to depart downward by exactly the same amount. And we are further satisfied that a downward departure resulting in a sentence of the magnitude imposed on Sturdivant was warranted on the record before us. *See, e.g., United States v. Outen,* 286 F.3d 622, 627 n. 1 (2d Cir.2002).

Because we affirm the defendant's sentence, the government's motion for summary affirmance is denied as moot. We have considered all of the cross-appellant's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.