*United States v. Mena*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judge*,
> TIMOTHY C. STANCEU,[*]
> > *Judge.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                        No. 17-2363

NEIL MENA,

> *Defendant-Appellant*.

---

For Appellee:             Maurene Comey and Anna M. Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney

---

[*] Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

for the Southern District of New York, New York, NY.

For Defendant-Appellant:                     James M. Branden, Law Office of James M. Branden, New York, NY.

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Neil Mena appeals from a judgment of conviction entered on July 18, 2017 by the United States District Court for the Southern District of New York (Seibel, *J.*). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In November 2007, Mena was sentenced by the United States District Court for the Northern District of New York principally to 100 months' imprisonment and four years of supervised release after pleading guilty to being a felon in possession of multiple firearms, in violation of 18 U.S.C. § 922(g)(1), and to possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Mena completed his term of incarceration in January 2015, and jurisdiction over his supervised release was transferred to the Southern District of New York.

In September 2016, a grand jury in the Southern District of New York indicted Mena on two counts of conspiring to distribute 100 grams and more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and possessing a firearm in furtherance of the narcotics conspiracy, in violation of 18 U.S.C. § 924(c). Mena pleaded guilty in March 2017 to the lesser-included

2

offense of conspiring to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and to possessing a firearm in furtherance of that conspiracy.

On July 10, 2017, Mena admitted to violating the terms of his supervised release by committing the crimes to which he had pleaded guilty. During the same proceeding, Judge Seibel sentenced Mena principally to 90 months' imprisonment for his conviction on the charges in the indictment, and 18 months' imprisonment for the violations of supervised release, to be served consecutively. The district court entered judgment on July 18, 2017, and Mena timely appealed.

Mena's sole argument is that the sentence imposed by the district court for his violation of his terms of supervised release was substantively unreasonable. This Court reviews a term of imprisonment imposed for a violation of supervised release for reasonableness. *United States v. Cavera*, 550 F.3d 180, 187, 189 (2d Cir. 2008) (en banc). Reasonableness review has two components: (1) whether the district court complied with the Sentencing Reform Act's procedural requirements; and (2) whether the length of the sentence is substantively reasonable. *Id.*

With regard to the second prong, the district court has "broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997) (internal quotation marks omitted)). Additionally, "where two sentences are imposed at the same time, . . . . the district court has discretion whether to make the sentences concurrent or consecutive." *Setser v. United States*, 566 U.S. 231, 239 (2012). In exercising its discretion, the district court must consider a subset of factors set forth in Section 3553(a). *See* 18 U.S.C. § 3583(e). The district court must also consider the "non-binding policy statements found in Chapter Seven of the Guidelines Manual," *United States v. Sweeney*, 90 F.3d 55, 57 (2d Cir. 1996), which state in relevant part that "at

3

revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. § 7A, Introduction, 3(b). The policy statements further add that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." *Id.* at § 7B1.3(f).

We will set aside a sentence as substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). An impermissible decision is one that is "so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing [it] to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas,* 583 F.3d 108, 123 (2d Cir. 2009)).

We conclude that the district court's sentence was substantively reasonable. When imposing a sentence for the substantive offenses, the district court noted the seriousness of the crimes, Mena's "double life" of superficial compliance with conditions of release while also selling heroin and guns, and the need to protect the public because Mena was not deterred by his previous 100-month sentence. App. 76-79. The court further explained, with regard to its sentence for the violation of supervised release, that "the sentence . . . gets to not just the mere fact that you're committing new crimes while you haven't finished paying the price for your old ones, but it accounts for the breach of trust." *Id.* at 81. The court accordingly imposed a sentence at the bottom of the Guidelines range of 18 to 24 months' imprisonment and well below the

4

statutory maximum term of imprisonment of two years. The sentence was also consistent with the Guidelines policy statement that a sentence for supervised release violations be ordered to be served consecutively. *See* U.S.S.G. § 7B1.3(f). Although Mena now argues that a "far better" sentence would have been a concurrent term of imprisonment, or a significantly lesser consecutive term with additional supervised release, Appellant's Br. at 13, the sentence imposed by the district court was not outside the "range of permissible decisions," *see Cavera*, 550 F.3d at 189.

We have considered all of Mena's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk