09-2482-cr
United States v. Lytch (Parrish)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of  June, two thousand ten.

Present:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                             No. 09-2482-cr

MARTESE LYTCH, also known as Skeet, *et al.*,

> *Defendants*,

HARVEY PARRISH,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:     COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.

For Appellee:     ALEXIS COLLINS, Assistant United States Attorney (Benton J. Campbell, United States Attorney, Susan Corkery and Kelly T. Currie, Assistant United States Attorneys, *on the brief*), Brooklyn, N.Y.

_____

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Harvey Parrish appeals the sentence of 42 months' imprisonment imposed on him by the district court (Ross, *J.*) after he pleaded guilty to two violations of the terms of his supervised release.  Parrish argues that his sentence is substantively unreasonable because the district court attached too much weight to certain 18 U.S.C. § 3553(a) factors and because the sentence is well above the sentencing range suggested by the advisory Sentencing Guidelines.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review sentences for reasonableness, which is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).  In reviewing a district court's application of the Sentencing Guidelines to the facts of a case, we review issues of law *de novo* and findings of fact for clear error.  *United States v. Dhafir*, 577 F.3d 411, 414 (2d Cir. 2009), *cert. denied* – S.Ct. –, 2010 WL 1836711 (June 7, 2010).  "Although the brevity or length of a sentence can exceed the bounds of reasonableness, we anticipate encountering such circumstances infrequently."  *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005) (internal quotation marks omitted).

We find no error.  To be sure, "[a] district judge imposing a non-Guidelines sentence . . . should say why she is doing so, bearing in mind . . . that 'a major departure [from the Guidelines] should be supported by a more significant justification than a minor one.'"  *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)) (alteration in original).  Here, where the Guidelines called for a sentence of 5 to 11 months and the

district court imposed a sentence of 42 months, "significant justification" was certainly called for, and we conclude that the district court provided it. The district court found that, in light of the "enormous leniency" it had shown in sentencing Parrish on his underlying conviction (less than three years imprisonment despite a Guidelines recommendation of 23 years), the violent nature of the underlying conviction (which involved twice firing guns at people), and his contempt for the orders of protection issued by the state courts, a sentence of less than 42 months imprisonment "could not possibly accomplish" the goals of sentencing.

Any severity apparent in Parrish's violation sentence (almost four times the top of the Guidelines range) vanishes when one considers the tremendous leniency of his underlying sentence (barely more than one-eighth of the bottom of the Guidelines range). The Guidelines specifically provide that an upward departure may be warranted in sentencing for a violation of supervised release where a downward departure was granted at the sentencing for the underlying conviction. *See* U.S.S.G. § 7B1.4, App. Note 4. Where the original downward departure was a *major* departure, as it was in this case, a district court may well act reasonably when it applies a major upward departure to the defendant who has been shown such leniency and has later breached that trust by violating his supervised release. *See, e.g., United States v. Verkhoglyad*, 516 F.3d 122, 129-30 (2d Cir. 2008).

There is no merit to Parrish's contention that the district court gave too much weight to the original downward departure. Parrish's violation after a lenient original sentence is relevant to at least three of the factors enumerated in 18 U.S.C. § 3553(a) ("the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just

3

punishment for the offense," and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant."). The district court considered Parrish's conduct in the context of the original downward departure in applying these factors. Parrish offers no reason why this was not, by itself, sufficient to justify his sentence. "[T]he weight to be afforded any § 3553(a) factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable.'" *Verkhoglyad*, 516 F.3d at 131 (quoting *Fernandez*, 443 F.3d at 32).

Apart from the leniency of Parrish's original sentence, the district court also identified a number of other factors taken into account in imposing the sentence for the instant violation, including "the seriousness and violence of his conduct that constitutes the violation, the violence in his history, the contempt he has shown to the Court and the state court, and . . . the virtual inevitability of recidivism." Although we recognize that the Guidelines at issue here are meant to punish the violation of supervised release and not the underlying crime, and thus already account for the breach of trust inherent in all violations within the advisory sentencing range, *see United States v. Sindima*, 488 F.3d 81, 86-87 (2d Cir. 2007), we think the unusual extent of the breach of trust in this case and the additional aggravating factors identified by the district court amply justify the sentence imposed.

Unlike in *Sindima*, where we held that the district court, in sentencing the defendant for a probation violation to a term of imprisonment that was twenty-six months above the high end of the advisory Guidelines range, "ha[d] not given an explanation of its reasons for the length of the above-Guidelines sentence that is sufficient under the circumstances to allow us to conclude with confidence that the sentence is reasonable," *id.* at 82, the district court in this case has provided a sufficient and thorough explanation to support the reasonableness of Parrish's sentence.

4

Contrary to Parrish's contention, *Sindima* does not categorically foreclose a district court's exercise of its discretion to impose a significantly above-Guidelines sentence for a violation based on the leniency of the original sentence. Rather, it stands for the uncontroversial proposition that when a sentencing court wishes to rely on a factor that is already included in the calculation of the advisory sentencing range in imposing an above-Guidelines sentence, it must "'articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines calculation.'" *Id.* at 87 (quoting *United States v. Zapete-Garcia*, 447 F.3d 57, 60 (1st Cir. 2006)) (alteration in original). We conclude that the district court adequately did so here.

We have considered all of Parrish's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5