09-3200-cr(L)
*United States v. Pestana*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand eleven.

PRESENT: ROGER J. MINER,
JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

      -v.-                09-3200-cr(L), 09-3211-cr(CON)

VICTOR MELENDEZ, also known as El Viejo, also known as Flaco, JORGE BRIONES, also known as Che, JESUS MENA-CANCEL, MANUEL BAEZ, also known as Manny, also known as Chulo, JUAN CARLOS BRITO,

                    *Defendants*,

LUIS PESTANA, also known as Lusito, also known as Gordo,

                    *Defendant-Appellant.*

_____

FOR APPELLANT:     JESSE M. SIEGEL, New York, NY.

FOR APPELLEE:      MICHAEL D. MAIMIN, Assistant United States Attorney, (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Luis Pestana appeals from a July 17, 2009 judgment of the United States District Court for the Southern District of New York (Keenan, *J.*) revoking his supervised release and sentencing him to 12 months' imprisonment for violation of the conditions of his supervised release.  In the same proceeding, the district court also sentenced Pestana to 180 months' imprisonment, following a guilty plea, for conspiring to distribute cocaine in violation of 21 U.S.C. § 846.  Pestana is foreclosed by an appellate waiver from disputing this latter sentence, but he contends on appeal that his sentence for violating the conditions of his supervised release — which the district court ordered to run consecutively with his

2

other sentence — is substantively unreasonable.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Pestana concedes that his sentence is not procedurally unreasonable, but suggests that his sentence is substantively unreasonable because the court considered the fact that he was on supervised release when both (1) calculating his criminal history and (2) sentencing Pestana for violations of the terms of his supervised release. Pestana's dispute is unpersuasive because the Sentencing Guidelines specifically contemplate that such "double counting" will occur.  According to a Policy Statement set forth by the Sentencing Commission in the Sentencing Guidelines:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S. Sentencing Guidelines Manual § 7B1.3(f) (policy statement).  A consecutive sentence is appropriate because a sentence for violation of supervised release is "not

intended to be a sanction for [the defendant's] conduct, but rather for the 'breach of trust' committed against the District Court." *United States v. Sweeney*, 90 F.3d 55, 57 (2d Cir. 1996), *abrogated on other grounds as recognized in United States v. Fleming*, 397 F.3d 95, 99 n.5 (2d Cir. 2005). Accordingly, Pestana's sentence is not rendered substantively unreasonable based on what Pestana characterizes as the district court's "double counting" of his violation of the terms of his supervised release.

Furthermore, the court sentenced Pestana only to 12 months when the applicable range was 24 to 30 months. Particularly in light of this below-range sentence, Pestana has not shown that his sentence is substantively unreasonable.

We have considered Pestana's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4