11-1109-cr
USA v. Morales

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of September, two thousand twelve.

Present:
> GUIDO CALABRESI
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                  No.  11-1109-cr

ULYSSES MORALES, also known as Ricardo Sanchez,
also known as Carlos Sanchez, also known as
Ricardo Pablo Sanchez Castillo,

> *Defendant-Appellant*.

_____

For Appellee:                      Jessica R. Lonergan and Katherine Polk Failla, Assistant
                                   United States Attorneys, *for* Preet Bharara, United States
                                   Attorney for the Southern District of New York, New York,
                                   N.Y.

For Defendant-Appellant:        Julia Pamela Heit, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Ulysses Morales appeals from a March 16, 2011 judgment of the United States District Court for the Southern District of New York (Pauley, *J.*), entered following the defendant's plea of guilty, convicting the defendant of illegally reentering the United States following deportation after a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and sentencing him principally to 70 months' imprisonment and 3 years of supervised release. On appeal, Morales argues that this sentence was procedurally unreasonable because it was purportedly based on improper "double counting." Appellant's Br. at 13. Specifically, Morales argues that he should not have been assessed two criminal history points for committing the illegal reentry offense while on supervised release when he had previously been sentenced to a nine-month term of imprisonment for the same violation of supervised release.

We review a district court's sentence for "reasonableness," "which is 'akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011) (per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)). A district court commits "procedural error where it fails to calculate the Guidelines range (unless omission

of the calculation is justified),” “makes a mistake in its Guidelines calculation,” “treats the Guidelines as mandatory,” “does not consider the § 3553(a) factors,” “rests its sentence on a clearly erroneous finding of fact,” or “fails adequately to explain its chosen sentence.” *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal citations omitted).

In calculating a defendant’s criminal history category for the purposes of sentencing, the United States Sentencing Guidelines advise the district court to “[a]dd 2 points if the defendant committed the . . . offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.” U.S.S.G. § 4A1.1(d). In this case, Morales committed his most recent crime of illegal reentry while on supervised release for a prior conviction for illegal reentry. Accordingly, the district court properly added two points to Morales’s criminal history category.

Morales argues, however, that this increase in his criminal history category constituted improper “double counting” because he had previously been sentenced to nine months’ imprisonment for his violation of supervised release. This argument is without merit. Neither U.S.S.G. § 4A1.1(d) nor the accompanying commentary state that the two-point addition should not be applied if the defendant has already been sentenced for a violation of supervised release. Moreover, the Sentencing Guidelines specifically contemplate that “double counting” will occur in the context of a violation of supervised release:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f) (policy statement); *see also United States v. Melendez*, 422 Fed. App’x 4, 5

3

(2d Cir. 2011) (summary order) (rejecting defendant's argument that his sentence was substantively unreasonable because the district court considered the fact that he was on supervised release when both calculating his criminal history and sentencing the defendant for violations of the terms of his supervised release).

We have repeatedly held that "a district court calculating a Guidelines sentence may apply multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission." *United States v. Maloney*, 406 F.3d 149, 152 (2d Cir. 2005). "While such calculations may involve 'double counting' in a literal sense, they do not involve *impermissible* double counting." *Id.* Rather, "double counting is permissible in calculating a Guidelines sentence where . . . each of the multiple Guidelines sections applicable to a single act serves a distinct purpose or represents a discrete harm." *Id.* at 153; *see also United States v. Castellanos*, 355 F.3d 56, 60 (2d Cir. 2003) (holding that "a district court may base two aspects of a Guidelines calculation on a single act where they serve different purposes"); *United States v. Pedragh*, 225 F.3d 240, 247 (2d Cir. 2000) (explaining that "double counting . . . is certainly not improper if it serves a legitimate purpose intended by Congress and the Sentencing Commission"); *United States v. Volpe*, 224 F.3d 72, 76 (2d Cir. 2000) ("[M]ultiple adjustments may properly be imposed when they aim at different harms emanating from the same conduct.").

In this case, considering Morales's violation of supervised release both in calculating his criminal history category and for punishing the violation itself served two distinct purposes. A sentence for violation of supervised release is "not intended to be a sanction for [the defendant's] conduct, but rather for the 'breach of trust' committed against the District Court." *United States*

4

*v. Sweeney*, 90 F.3d 55, 57 (2d Cir. 1996), *abrogated on other grounds as recognized in United States v. Fleming*, 397 F.3d 95, 99 n.5 (2d Cir. 2005); *see also* U.S.S.G. ch. 7, pt. A, intro. comment (3)(b) (explaining that when a defendant commits criminal conduct that leads to revocation of supervised release, "the sanction for the *violation of trust* should be in addition, or consecutive, to any sentence imposed for the new [criminal] conduct") (emphasis added). The criminal history category, by contrast, "principally estimates the likelihood of recidivism." *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006) (quoting *United States v. Campbell*, 967 F.2d 20, 24 (2d Cir. 1992)). Thus, the district court did not err when it considered Morales's violation of supervised release for these two different purposes.

Finally, it is worth noting that Morales received considerable leniency from the district court. Although the district court recognized that "there are policy statements in the guidelines that suggest that a consecutive sentence here is the preferred course," Supp. App. 38, the district court chose to order the sentences to run concurrently. Morales effectively received a nine-month reduction in his illegal reentry sentence, and the resulting effective sentence of 61 months was near the low end of the 57-to-71-month range advocated by Morales.

We have considered Morales's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5