12-3566-cr
United States v. Dunn

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand thirteen.

PRESENT:　RALPH K. WINTER,
　　　　　GERARD E. LYNCH,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

　　　　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　　　No. 12-3566-cr

WILLIAM JAMES DUNN,

　　　　　　　　*Defendant - Appellant*,

BRITNEY HALL,

　　　　　　　　*Defendant*.

_____

FOR APPELLANT:　　　Ernest Marvin Allen, III, Stetler, Allen & Kampmann, Burlington, Vermont.

FOR APPELLEE:　　　　Kevin J. Doyle, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from the United States District Court for the District of Vermont (William K. Sessions, III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant William James Dunn appeals from the judgment of the district court, entered August 24, 2012, sentencing him to a total of 90 months' imprisonment: 84 months for conspiring to distribute heroin and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), to be followed by 6 months for thereby violating the conditions of his supervised release from a previous federal firearms conviction. We assume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

In 2008, Dunn was convicted of possessing a firearm as a convicted felon and was sentenced to 37 months' imprisonment and three years of supervised release. In 2011, while on supervised release from the firearms conviction, he was arrested while transporting heroin and crack cocaine from Rhode Island to Vermont. Dunn pleaded guilty to conspiring to distribute heroin and cocaine base and admitted to violating the conditions of his supervised release. The district court sentenced him to 84 months for the drug conspiracy and 6 months for the supervised release violation, to be served consecutively.

I.      Procedural Challenge

Dunn argues that his sentence is procedurally unreasonable because the district court considered the commission of the offense during supervised release as an aggravating factor

three separate times during its sentencing: (1) when calculating Dunn's criminal history category, (2) when fashioning Dunn's six-month consecutive sentence for violation of supervised release, and (3) when weighing the factors set forth in 18 U.S.C. § 3553(a). Because Dunn did not raise this argument before the district court, we review it for plain error. United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007). To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 466-67 (1997) (alteration and internal quotation marks omitted).

We find no error in the district court's sentencing, much less plain error. "We have repeatedly held . . . that a district court calculating a Guidelines sentence may apply multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission." United States v. Maloney, 406 F.3d 149, 152 (2d Cir. 2005). "[D]ouble counting is permissible in calculating a Guidelines sentence where, as here, each of the multiple Guidelines sections applicable to a single act serves a distinct purpose or represents a discrete harm." Id. at 153. The criminal history category "principally estimates the likelihood of recidivism," United States v. Pereira, 465 F.3d 515, 522 (2d Cir. 2006) (internal quotation marks omitted), while the sentence for a violation of supervised release "'sanction[s] primarily the defendant's breach of trust,'" United States v. Gonzalez, 529 F.3d 94, 98 (2d Cir. 2008), quoting U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). See also United States v. Morales, 497 F. App'x 111, 113-14 (2d Cir.

3

2012) (holding that considering violation of supervised release both in calculating criminal history category and in imposing sentence for violation itself did not constitute impermissible double-counting).

The district court also properly took Dunn's violation into account when analyzing the § 3553(a) factors. The § 3553(a) analysis is not a procedure for enhancing Guidelines sentences that risks "double-counting" (or in this case, "triple-counting") something that has already been factored into the Guidelines calculation. Rather, it is intended to consider all the facts relevant to sentencing, including those that have already been included in the Guidelines calculation, in order to determine an appropriate sentence. Before imposing a sentence, a district court must first calculate the applicable Guidelines range and then "consider all of the § 3553(a) factors" in order to make "an individualized assessment based on the facts presented" at sentencing. Gall v. United States, 552 U.S. 38, 49-50 (2007). In Dunn's case, it would make no sense to ignore his criminal history and imperviousness to rehabilitative treatment in deciding what the right sentence – whether within, above or below the Guidelines – ought to be.

II.    Substantive Challenge

Dunn also argues that his sentence was substantively unreasonable. "In reviewing the substantive reasonableness of a sentence, 'we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts.'" United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013), quoting United States v. Cavera, 550 F.3d 180, 190 (2d Cir.

2008) (en banc).  We will set aside a district court's sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  Cavera, 550 F.3d at 189 (internal quotation marks omitted).

The district court's 90-month sentence is well within the range of permissible decisions in these circumstances.  The total sentence for both Dunn's underlying offense and his supervised release violation fell within the Guidelines range for the underlying offense alone, a range that was itself the product of the district court's downward departure as to criminal history and variance as to offense level.  For the reasons articulated by the district court in its thoughtful and careful sentencing proceeding, Dunn's sentence was reasonable.

For the foregoing reasons, the judgment of the district court is affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court