*United States v. Grandison*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-three.

PRESENT: Steven J. Menashi,
Eunice C. Lee,
Sarah A. L. Merriam,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                          No. 21-3130-cr

GRANT GRANDISON,

*Defendant-Appellant.*

_____

| | |
|---|---|
| *For Appellee:* | Alexandra N. Rothman, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States |

Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant:* Matthew B. Larsen, Assistant Federal Defender, Appeals Bureau, Federal Defenders of New York, New York, NY.

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Wood, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction entered by the district court is **AFFIRMED**.

Defendant-Appellant Grant Grandison appeals from a judgment of conviction for making a false statement to federal agents in violation of 18 U.S.C. § 1001. On June 28, 2021, Grandison pleaded guilty pursuant to a plea agreement, and on August 9, 2021, the district court entered an order accepting Grandison's plea. On December 14, 2021, the district court sentenced Grandison to 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Grandison's conviction stems from his decision to harbor an old friend and fugitive named Andre Sterling who was wanted for allegedly shooting a Massachusetts state trooper during a traffic stop. Despite knowing that Sterling was wanted by law enforcement, Grandison allowed Sterling to stay with him in his Bronx apartment for ten to eleven days starting in late November 2020. Several deputy U.S. marshals from the U.S. Marshals Service—as well as members of the New York City Police Department and the Massachusetts State Police—visited Grandison's apartment early in the morning on December 4, 2020, to apprehend Sterling.

The law enforcement officers announced themselves as "U.S. marshals" upon approaching Grandison's front door. Grandison opened the door and was asked if anyone else was present in the apartment. Grandison responded that no

one else was present, but that statement was a lie. The deputy U.S. marshals entered the apartment, at which point Sterling emerged from one of the bedrooms and began shooting at the marshals. Two deputy U.S. marshals were seriously injured, including one who was struck several times—with bullets ricocheting from his waist to his thigh, his right hand, and his left elbow—and another who was struck once in the right thigh. Sterling was killed in the confrontation.

Pursuant to his plea agreement, Grandison pleaded guilty on June 28, 2021, to count one of the indictment, which charged him with making a false statement to federal agents in violation of 18 U.S.C. § 1001. In the plea agreement, the parties stipulated to an offense level of 12 under the U.S. Federal Sentencing Guidelines and to a Guidelines range of 10 to 16 months' imprisonment. On December 14, 2021, the district court sentenced Grandison to 24 months' imprisonment.

On appeal, Grandison argues that the district court made two procedural errors when sentencing him. First, he contends that the district court did not sufficiently explain the reasons for the sentence exceeding the range suggested by the Guidelines. Second, he contends that the district court improperly varied his sentence upward based on factors that an enhancement provision within the Guidelines, U.S.S.G. § 2B1.1(b)(16)(A), already had taken into account. We disagree and affirm the judgment.

First, Grandison contends that resentencing is required because the district court did not "adequately explain" the above-Guidelines sentence either orally or in writing, as required under 18 U.S.C. § 3553(c)(2). Appellant's Br. 10, 15-19. We disagree.

Because Grandison did not raise this objection to his sentence contemporaneously, we review the alleged procedural error for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). Plain error occurs "only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the

fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alteration omitted).

The district court began Grandison's sentencing hearing by noting that his offense level of 12 and criminal history category of I "would normally carry … an advisory guideline sentence between 10 and 16 months." App'x 33. It then considered certain § 3553 factors, namely the seriousness of the offense, the defendant's history and characteristics, and his level of remorse for committing the crime. App'x 33-34. The district court then said it would "take into account that [Grandison] had had time to consider whether or not to tell that lie" and "the serious injury to two law enforcement officers." App'x 35. As a result of these considerations, the district court imposed a sentence of 24 months' imprisonment "[i]n order to provide just punishment for [Grandison's] crime, to promote respect for the law, and to deter others from lying to law enforcement officers." App'x 35.

In addition to explaining its decision orally, the district court also delineated its reasoning in a written Statement of Reasons dated December 20, 2021. We conclude that the district court provided sufficient explanation for the above-Guidelines sentence.

Second, Grandison argues that the district court misinterpreted U.S.S.G. § 2B1.1(b)(16)(A), which provides for an enhancement to the defendant's sentence if the crime includes "the conscious or reckless risk of death or serious bodily injury." U.S.S.G. § 2B1.1(b)(16)(A). Grandison suggests that the district court "did not appreciate that Grandison's range [had already] accounted for Sterling's injuring the marshals" before it decided to vary the sentence above the Guidelines range. Appellant's Br. 13. In other words, Grandison contends that the injury to the marshals was double-counted in calculating his sentence—first by the Guidelines enhancement and again in the district court's reasons for varying upward from the Guidelines.

Grandison made this argument before the district court, so we review this issue *de novo*. *See United States v. Genao*, 869 F.3d 136, 141 n.2 (2d Cir. 2017) ("Where an objection has been made, we review the district court's application of the

4

Guidelines *de novo*, where, as here, the interpretation of the Guidelines is in question.").

There is no prohibition on a district court considering factors that the Guidelines have already incorporated. A district court must "consider *all* the facts relevant to sentencing, including those that have already been included in the Guidelines calculation, in order to determine an appropriate sentence." *United States v. Dunn*, 529 F. App'x 30, 33 (2d Cir. 2013); *see also United States v. Ryan*, No. 21-1951, 2022 WL 16842930, at *3 (2d Cir. Nov. 10, 2022) (finding "unpersuasive" a similar "'impermissible double-counting' argument"). A district court may "impose[] a non-Guidelines sentence based upon section 3553(a) factors already accounted for in the Guidelines range" as long as the district court explains "why a Guidelines sentence did not sufficiently account for those factors in [the defendant's] case." *United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020); *see also United States v. Lytch*, 382 F. App'x 36, 39 (2d Cir. 2010) ("[*Sindima*] stands for the uncontroversial proposition that when a sentencing court wishes to rely on a factor that is already included in the calculation of the advisory sentencing range in imposing an above-Guidelines sentence, it must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the Guidelines calculation.") (internal quotation marks and alteration omitted).

Here, the district court permissibly concluded that the circumstances of Grandison's offense—including the degree of deliberateness in Grandison's actions and the harm that resulted—required an above-Guidelines sentence.

\* \* \*

We have considered Grandison's remaining arguments, which we conclude are without merit. We AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court