22-3033 (L)
*United States v. Smith*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-four.

PRESENT:

        RICHARD J. SULLIVAN,
        MYRNA PÉREZ,
        MARIA ARAÚJO KAHN,
            *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

        *Appellee*,

    v.

RONALD SMITH,

        *Defendant-Appellant*.

———————————————————————

Nos. 22-3033 (L),
22-3035 (Con)

For Defendant-Appellant:    Melissa A. Tuohey, Assistant Federal Defender, Federal Defenders of New York, Syracuse, NY.

For Appellee:    Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 17 and 28, 2022 judgments of the district court are **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Ronald Smith appeals from two related judgments entered in connection with his transportation and possession of child pornography while he was on supervised release for a prior federal conviction. Smith ultimately pleaded guilty to transporting and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(a)(5)(B), for which he was sentenced to a term of 235 months' imprisonment and 20 years' supervised release. He also admitted to violations of the conditions of his prior term of supervised release, which resulted in a sentence of 36 months' imprisonment and 120 months' supervised release.

2

The district court ordered that Smith's imprisonment terms run consecutively, and that the supervised-release terms run concurrently. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Smith first argues that the 36-month term of imprisonment for his supervised-release violations was substantively unreasonable because it was *consecutive* to the 235-month term of imprisonment for the new criminal conduct. "Criminal sentences are generally reviewed for reasonableness," which "amounts to review for abuse of discretion" and "requires an examination of the . . . procedure employed in arriving at the sentence (procedural reasonableness)" and "the length of the sentence (substantive reasonableness)." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). We "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (internal quotation marks omitted).

Here, the district court did not abuse its discretion in imposing a consecutive term given that Smith not only committed a new crime, but also seriously breached the court's trust by repeatedly possessing and using internet-capable devices

without permission in violation of the terms of his supervised release. *See United States v. Sweeney*, 90 F.3d 55, 57 (2d Cir. 1996) (noting that "the [d]istrict [c]ourt's sentence was not intended to be a sanction for [the defendant's criminal] conduct, but rather for the 'breach of trust' committed against the [d]istrict [c]ourt"). To begin, it bears noting that Smith is a serial violator of federal child-pornography statutes. Prior to this case, Smith was convicted in March 1999 of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), for which he was sentenced to 54 months' imprisonment and 3 years of supervised release. Subsequently, in May 2005, he was convicted of attempted distribution and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), as well as attempted possession and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), for which he was sentenced to 204 months' imprisonment and 10 years of supervised release.

Following those convictions, Smith consistently violated the conditions of his previously imposed terms of supervised release. While on supervision for his 1999 conviction, Smith tested positive for marijuana, stopped reporting to Probation, failed to appear in court, and ultimately absconded, demonstrating that the three-year term of supervised release was insufficient to deter Smith from

4

committing future violations of supervised-release conditions. Likewise, the ten-year concurrent term of supervised release imposed as part of his 2005 conviction did not stop him from testing positive for marijuana, missing appointments for sex-offender treatment, making false statements in a monthly report to Probation, and possessing multiple devices with images of child pornography.

In light of Smith's persistent violations of the terms of his supervised release, we cannot say that the district court's decision to impose the 36-month sentence for his violation of supervised release consecutive to his 235-month sentence for his latest child-pornography conviction fell outside "the range of permissible decisions." *Perez-Frias*, 636 F.3d at 42.[1] This is especially true since the district court's decision to impose a consecutive sentence was consistent with the advisory Sentencing Guidelines for violations of supervised release, which provide that

---

[1] In challenging the substantive reasonableness of his consecutive 36-month sentence, Smith also argues that his sentence for the new child-pornography counts already accounted for the fact that the offenses were committed while he was serving a term of supervised release, resulting in a two-point increase in his criminal history category under U.S.S.G. § 4A1.1(d). But we have repeatedly rejected this double-counting argument, which ignores the fact that "considering [a defendant's] violation of supervised release both in calculating his criminal history category and for punishing the violation itself serve[s] two distinct purposes." *United States v. Morales*, 497 F. App'x 111, 113 (2d Cir. 2012); *see also United States v. Melendez*, 422 F. App'x 4, 5 (2d Cir. 2011) (rejecting argument that defendant's sentence was substantively unreasonable because the district court considered the fact that he was on supervised release when both calculating his criminal history category and sentencing him for violations of supervised-release terms).

"the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." U.S.S.G. Ch. 7, pt. B, intro. cmt.

Smith next contends that the district court erred by imposing a special condition of supervised release that prohibited him from accessing the internet unless permitted by the court. We review a district court's imposition of special conditions of supervised release for abuse of discretion. *United States v. Peterson*, 248 F.3d 79, 82 (2d Cir. 2001). A district court retains "wide latitude in imposing conditions of supervised release" and "may order special conditions of supervised release if they are reasonably related to the statutory purposes of supervision," including "[1] the nature and circumstances of the offense and the history and characteristics of the defendant; [2] the need for the sentence imposed to afford adequate deterrence; [3] the protection of the public; and [4] the rehabilitative and medical[-]care needs of the defendant." *United States v. Birkedahl*, 973 F.3d 49, 53 (2d Cir. 2020) (internal quotation marks omitted).

At the same time, a district court must "state on the record the reason for imposing" "a special condition of supervised release," and "the failure to do so is error" unless "the district court's reasoning is self-evident in the record." *United*

6

*States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks omitted). Where, as here, a supervised-release condition implicates a constitutional right – *i.e.*, a convicted defendant's right to access the internet – we "conduct a more searching review," *United States v. Eaglin*, 913 F.3d 88, 95 (2d Cir. 2019), and require that the special condition be "supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing," *United States v. Matta*, 777 F.3d 116, 123 (2d Cir. 2015).

Under the facts of this case, we cannot say that the district court abused its discretion in prohibiting Smith's access to the internet unless authorized by the court. For starters, a special condition imposed after Smith's 1999 sentence prohibited him from possessing or using a computer with access to online services without permission from his probation officer, and yet he ignored this restriction, faked a new identity in another state, accessed an internet chat room, sent child pornography over the internet, and arranged to have sex with a woman who agreed to bring her nine-year-old daughter to participate in the encounter (the woman turned out to be an undercover detective). Similarly, the sentence imposed following Smith's 2005 conviction contained a special condition that prohibited him from possessing or using a computer, data-storage device, or

7

device that could access the internet without permission from the district court or the probation office, unless he participated in a computer- and internet-monitoring program.[2]  And yet, once again, Smith surreptitiously used internet-capable devices to search for and collect child pornography while endeavoring to evade detection by hiding his IP address.

The district court appropriately took stock of these facts and stated *twice* at sentencing that it "f[ound] [that] the ban on [Smith's] internet use [was] necessary and justified based on the nature and circumstances of the instant offense and [his] history of noncompliance and violation conduct, particularly of accessing the internet for child pornography."  App'x at 190.  Given the ineffectiveness of the prior less-restrictive conditions of supervised release, we affirm the district court's conclusion that the special condition "involve[d] no greater deprivation of liberty than [was] reasonably necessary to" protect the public from further crimes and to promote Smith's rehabilitation.  *Id.*

Finally, Smith faults the district court for ordering him to pay $3,000 in restitution to the victim who was depicted in a child-pornography series, referred to as the "Vicky" series, that was found on his laptop.  We review a district court's

---

[2] Smith was authorized by the probation office to access an email account.

restitution order for abuse of discretion. *United States v. Lucien*, 347 F.3d 45, 52 (2d Cir. 2003). "Insofar as [our] review involves an interpretation of law, it is *de novo*; where a district court's findings of fact are at issue, we review for clear error." *Id*. at 53 (citation omitted).

Disputes as to the "proper amount or type of restitution" must be resolved by the district court "by [a] preponderance of the evidence." 18 U.S.C. § 3664(e). The government bears the burden of proof with regard to establishing that the individual claiming restitution was a victim of the defendant's offense and calculating the proper amount of restitution. *See United States v. Aumais*, 656 F.3d 147, 152 (2d Cir. 2011). Where, as here, a defendant is convicted of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), a district court *must* "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B). A "victim" is defined as "[an] individual harmed as a result of a commission of a crime," *id.* § 2259(c)(4), and so, "if the defendant's offense conduct did not cause harm to an individual, that individual is by definition not a 'victim' entitled to restitution under [section] 2259," *Paroline v. United States*, 572 U.S. 434, 445 (2014).

9

Smith argues that there was no evidence that he accessed images from the "Vicky" series or even knew that the series was on his laptop, which he asserts was purchased from a third party. The government acknowledges the "lack of clarity in the record concerning the district court's basis for imposing restitution for the 'Vicky series,'" and requests a limited "remand for further . . . development of the record." Gov't Br. at 60.

Because it is unclear how the district court determined that the claimant for restitution based on the "Vicky" series was a "victim" of the defendant's offense, *see* 18 U.S.C. § 2259(c)(4), we agree that remand is appropriate. We therefore vacate the district court's restitution order and remand the case to the district court for the limited purpose of determining whether Smith must pay restitution to the victim from the "Vicky" series and, if so, calculating the amount of restitution warranted by considering the factors identified by the Supreme Court in *Paroline*, 572 U.S. at 458–60. Alternatively, if the district court finds that Smith does not owe this victim restitution, it shall vacate the judgment only insofar as the restitution order and enter an amended judgment that does not include in the restitution order the $3,000 for the victim of the "Vicky" series.

We have considered Smith's remaining arguments and find them to be without merit.[3]  Accordingly, we **AFFIRM** in part and **VACATE** in part the judgments of the district court, and the case is **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Although Smith himself raises additional arguments challenging his 235-month sentence in a *pro se* supplemental brief, they are foreclosed by his plea agreement, which provided that Smith would give up his right to appeal, among other things, "[a]ny sentence to a term of imprisonment of 293 months or less."  App'x at 98.  As this Court has explained, "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement."  *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993).