17-971-cr
United States v. Vega

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT:　　BARRINGTON D. PARKER,
　　　　　　　PETER W. HALL,
　　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　*Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

　　　　　　　*Plaintiff-Appellee*,

　　　　　v.　　　　　　　　　　　　　　　　　　　　No. 17-971-cr

CARLOS VEGA,

　　　　　　　*Defendant-Appellant*.
-----------------------------------------------------------------------

For Appellant:　　　　　　　　Philip L. Weinstein, Of Counsel, Federal Defenders of New York, Inc., New York, New York.

For Appellee:　　　　　　　　Alexandra Rothman and Karl Metzner, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Chin,* *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on April 3, 2017, is **AFFIRMED**.

Defendant Carlos Vega ("Vega") appeals from the fifteen-month consecutive term of imprisonment imposed by the United States District Court for the Southern District of New York (Chin, *J.*), following revocation of his term of supervised release. Specifically, Vega challenges the district court's decision to sentence him to a term of imprisonment to run consecutive to his undischarged twelve-and-a-half-year state sentence imposed after Vega pleaded guilty to the state law crime of first-degree manslaughter.

We review a sentence imposed for a violation of supervised release for "reasonableness." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (quoting *United States v. Booker*, 543 U.S. 220, 261–64 (2005)); *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) ("The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable."). "A sentence is substantively unreasonable if it cannot be located within the range of permissible decisions." *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017) (internal quotation marks omitted). "In determining whether a sentence falls within the permissible range, we patrol the boundaries of reasonableness, cognizant of the fact that responsibility for sentencing is placed largely with the district courts." *Id.* (internal quotation marks omitted). In undertaking this review, we assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only

---

*The Honorable Denny Chin, United States Circuit Judge, sitting by designation.

as necessary to explain our decision to affirm the district court's decision.

Pursuant to 18 U.S.C. § 3583(e), a district court may, after considering the factors set forth in 18 U.S.C. 3553(a), revoke a defendant's term of supervised release and require the defendant to serve a term of imprisonment. A district court's sentencing decision is guided by the "'non-binding policy statements found in Chapter Seven of the Guidelines Manual [including Section 7B1.3],' [but] the court ultimately has 'broad discretion to revoke its previous sentence and impose a term of imprisonment' up to the statutory maximum." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cr. 1997) (quoting *United States v. Sweeney*, 90 F.3d 55, 57 (2d Cir. 1996)). Section 7B1.3(f) of the Guidelines provides, in relevant part, that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . . ." U.S.S.G. § 7B1.3(f); *see also* 18 U.S.C. § 3584(a).

Vega argues that the district court abused its discretion in ordering a consecutive sentence despite Vega's lengthy pretrial detention and lengthy state sentence. Specifically, Vega claims that the district court improperly relied on its belief that Vega's twelve-and-a-half-year sentence was lenient for a manslaughter conviction. Vega further claims that the district court imposed "needless punishment," considering the unique circumstances of his nine-and-a-half-year pretrial detention for his state law sentence. Appellant's Br. at 9. In his view, a consecutive sentence does not serve as a general deterrent because there are no similarly situated defendants in light of his lengthy pretrial detention. Finally, Vega implies that the district court erred by waiting to sentence him until after his state case was resolved.

Vega's arguments are unavailing.   The district court did not rely on a belief that Vega's state sentence was lenient.   At sentencing, the district court asked defense counsel whether a twelve-and-a-half-year sentence was "typical" for a first-degree manslaughter conviction.   App'x at 31.   The district court stated that it was its "instinct" that a twelve-and-a-half-year sentence was "on the low-end for killing someone."   *Id.*   In reaching its sentencing decision, however, the district court ultimately drew no conclusions as to the leniency or harshness of Vega's state sentence.   *Id.* at 39 ("I don't know whether 12 and-a-half years is a long sentence[] [or] a short sentence for a state court crime.").

Furthermore, Vega's deterrence argument ignores the deterrence purposes served by a consecutive sentence.   The district court ordered a consecutive sentence to send a message to those who commit serious crimes while on supervised release that their supervision term will not simply be subsumed within the sentence imposed for the new charge.   In other words, a consecutive sentence serves as a separate punishment to deter supervisees from violating the terms of supervised release and thereby breaching the trust of the district court.

Finally, the district court did not err in waiting until Vega's state proceedings were resolved before sentencing him on his supervised release violation.   There is no indication in the record that Vega objected to the long adjournment of the federal proceedings pending the resolution of his state case.   Further, we have explained that "[r]equiring a federal court to begin revocation proceedings before the state court has determined whether the defendant is guilty on the charges underlying revocation would thrust the federal court into a determination of the defendant's guilt under state law, an area fundamentally reserved to the states."   *United States v. Ramos*, 401 F.3d 111, 117–18 (2d Cir. 2005).   Likewise, "judicial efficiency is better served in any event by

4

ascertaining the defendant's guilt once in state court, rather than twice."  *Id.* at 118.

We have considered Vega's remaining arguments on appeal and find them to be without merit.   We **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court