19-3794-cr (L)
*United States v. Legree*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty.

Present:

> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.

MALIK LEGREE,

> *Defendant-Appellant*.

Nos. 19-3794-cr (Lead)
19-3805-cr (Con)

---

For Appellee:

Hiral D. Mehta, Jo Ann M. Navickas, and Erin Reid, Assistant United States Attorneys, *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

1

For Defendant-Appellant:                                    Yuanchung Lee, Assistant Federal Public
                                                            Defender, Federal Defenders of New York,
                                                            Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Malike Legree appeals from two judgments of conviction entered on November 5, 2019, by the United States District Court for the Eastern District of New York (Irizarry, *J.*) sentencing Legree to a total of 81 months of imprisonment and three years of supervised release. Legree's sentence comprises 57 months imposed for a 2018 conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and a consecutive 24 months for violating the terms of supervised release imposed after an earlier felon-in-possession conviction in 2015. In this appeal, Legree challenges the substantive reasonableness of the former sentence, the procedural and substantive reasonableness of the latter sentence, and the procedural and substantive reasonableness of the district court's decision to run the two sentences consecutively. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

### I.  The 57-Month Sentence for Legree's 2018 Felon-in-Possession Conviction

Legree first challenges the substantive reasonableness of the sentence imposed for his 2018 felon-in-possession conviction. Although this sentence falls at the low end of the applicable Guidelines range of 57–71 months, Legree contends that it violates the requirement of 18 U.S.C.

---

[1] The appeal of the sentence on the 2018 conviction was first docketed in this Court at 19-3805, but it has since been consolidated with the appeal of the sentence on the violations of supervised release, docketed at 19-3794.

§ 3553(a) that the sentence be "sufficient, but not greater than necessary," to achieve the statutory sentencing goals. Specifically, Legree notes that both the defense and the government took the position at sentencing that a sentence of 15–21 months would have been sufficient. Legree further argues that the district court placed inadequate weight on factors like his difficult upbringing, mental health problems, and addiction; his commitment to his rehabilitation following the recent birth of his daughter; the fact that no one was harmed as a result of the instant offense; and the fact that he had never previously served a sentence longer than 24 months.

We may vacate Legree's sentence for substantive unreasonableness "only when the trial court's sentence cannot be located within the range of permissible decisions." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).[2] This is akin to a "deferential abuse-of-discretion standard." *Id.* In reviewing Legree's sentence, "we consider the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018).

Under this standard, Legree's 57-month sentence for his 2018 felon-in-possession conviction is not substantively unreasonable. As noted above, the sentence falls at the low end of the Guidelines range. Contrary to Legree's assertion, the district court properly balanced the defendant's personal history against the other § 3553(a) factors, including the seriousness of the offense, the defendant's extensive criminal history, the danger he posed to the public, and his demonstrated propensity to reoffend after being given an opportunity for rehabilitation. Indeed,

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Judge Irizarry specifically noted the defendant's "traumatic upbringing" and said that she was "not minimizing it at all." App'x 164. As to the defendant's desire to be a good father to his new daughter, the district court noted that Legree committed the instant offense while he knew that his girlfriend was pregnant, and it was not unreasonable for the court to infer from that fact that the birth of the child would not motivate Legree to rehabilitate himself. Finally, the district court did not err in placing little weight on the government's argument that a 15–21 month sentence would have been sufficient to fulfill the § 3553(a) factors, especially given the government's position that it was bound to advocate for a sentence in that range because of an error in the defendant's plea agreement. For these reasons, we conclude that the 57-month sentence is not substantively unreasonable.

## II. The 24-Month Sentence for Legree's Violations of Supervised Release

Legree next challenges the 24-month sentence imposed for two violation of supervised release ("VOSR") specifications. He first argues that this sentence—which falls at the statutory maximum, *see* 18 U.S.C. § 3583(e)(3), and well above the Guidelines range of 8–14 months—is substantively unreasonable because the district court imposed it as retribution for the underlying conduct. Legree further argues that the sentence is procedurally unreasonable because the district court did not offer a specific justification for an above-Guidelines sentence as required by 18 U.S.C. § 3553(c)(2).

"The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). Accordingly, the standard applicable to the substantive reasonableness challenge is the same as above. As to the procedural challenge, the sentence is unreasonable if the district court, among other errors, "fails adequately to explain

4

the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013). As noted, the relevant statute requires the sentencing judge to "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), and in the case of an above-Guidelines sentence, to state "the specific reason for the imposition of a sentence different from that described [in the Guidelines]," *id.* § 3553(c)(2). But the law provides some flexibility to the district court in offering such reasons. In particular, it does not require "robotic incantations" of the various § 3553(a) factors. *Smith*, 949 F.3d at 66. Moreover, "the degree of specificity required for the reasons behind a VOSR sentence is less than that for plenary sentencing." *Id.* Finally, because Legree failed to raise this procedural challenge before the district court, we now review it for plain error. *See United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019).[3]

We conclude that Legree's sentence was not unreasonable in either respect. As to substantive unreasonableness, because one of the VOSR specifications arose from the same conduct that underlies his 2018 felon-in-possession conviction, Legree argues that the district court imposed this sentence as retribution for the new criminal conduct, rather than as punishment for the breach of the court's trust. *See United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007); U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Upon review of the record, however, it is apparent that the district court appropriately relied on the defendant's breaches of the court's trust. Although the district court noted the seriousness of Legree's firearm possession,

---

[3] After the district court advised the parties of the sentence it intended to impose, Legree complained of the length of the proposed sentence and the fact that the district court "didn't take nothing in consideration." App'x 173. But neither Legree nor his counsel made specific objections to the district court's statement of reasons or the procedural fairness of the sentence.

which gave rise both to one of the VOSR specifications and to the 2018 conviction, read in context, those remarks are best construed as applying to the 57-month sentence for the 2018 conviction. As to the VOSR sentence specifically, the district court repeatedly explained that Legree had been "given a lot of chances" but had consistently "continued on the same path," only to offer the same empty promises to change. App'x 166–67. The district court concluded by telling Legree that he "violated the trust of the [c]ourt in a huge way." *Id.* at 169.

And as to procedural reasonableness, we think that the explanation above is not insufficient for the purposes of 18 U.S.C. § 3553(c)(2). We note that the district court might have been somewhat more precise in its explanation and that it at times appeared to intermingle its justifications for the 57-month sentence and the 24-month sentence. Nevertheless, because the degree of specificity required here is "less than that for plenary sentencing," *Smith*, 949 F.3d at 66, we cannot conclude that this was error. From the thrust of the district court's remarks, it is clear enough that the district court justified its 24-month sentence on the VOSR specifications on the ground that Legree had repeatedly violated the court's trust.

**III. The District Court's Decision to Run the Two Sentences Consecutively**

Lastly, Legree argues that the district court's decision to run the 57-month and 24-month sentences consecutively is substantively and procedurally unreasonable. Legree first contends that the district court's decision to run the sentences consecutively is substantively unreasonable, notwithstanding the recommendation in the Guidelines that such sentences should be consecutive, *see* U.S.S.G. § 7B1.3(f), because a total of 81 months of imprisonment, nearly seven years, for his firearm possession falls outside "the range of permissible decisions." *Smith*, 949 F.3d at 66. Legree also argues that the district court's decision to run the sentences consecutively is procedurally unreasonable because the district court offered insufficient explanation for doing so.

6

Applying the same legal standards as above, we reject these challenges. *See United States v. Pugh*, 945 F.3d 9, 27 (2d Cir. 2019) ("A district court should explain why the total punishment imposed is sufficient, but not greater than necessary, taking into account the particular characteristics of the defendant and the circumstances of the offense. That justification should guide the determination whether to impose sentences on multiple counts consecutively, partially consecutively, or concurrently."). Although an unquestionably harsh sentence, we cannot conclude that the total period of incarceration is "so shockingly high" as to be substantively unreasonable. *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). The district court properly justified the sentence with reference to the § 3553(a) factors, particularly, as noted above, the defendant's lengthy criminal history, his repeated recidivism, and his perceived danger to the public. We also conclude that the district court did not err in explaining this sentence. Although the district court could have been more precise in "[e]xplaining why concurrent sentences would not achieve a sufficient sentence," *Pugh*, 945 F.3d at 27, its statement that Legree had "violated the trust of the [c]ourt in a huge way," App'x 169, made sufficiently clear that the court imposed the sentences consecutively to reflect the severity of Legree's repeated breaches of trust. *See United States v. Vega*, 712 F. App'x 95, 96 (2d Cir. 2018) (summary order) (noting that the district court "ordered a consecutive sentence to send a message to those who commit serious crimes while on supervised release").

We have considered Legree's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7